UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT LEE HILL, JR.,

Plaintiff,

-against-

AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS (ASCAP); ROYALTY EXCHANGE, INC.,

Defendants.

26-CV-9227 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Robert Hill Lee, Jr., who is proceeding *pro se*, brings this action under the court's diversity jurisdiction, alleging that Defendants—American Society of Composers, Authors, and Publishers (ASCAP); and Royalty Exchange, Inc.—breached their respective contracts with him, causing damages. He seeks monetary and declaratory relief. Plaintiff also filed a motion for permission to participate in electronic case filing. (ECF No. 5.)

By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff is a recording artist and a citizen of the State of Georgia. (ECF No. 1, at 1.) ASCAP is a "performing rights organization . . . that administers public performance licenses for musical works, collects license fees, maintains member ledger accounts, and distributes performance royalties[.]" (*Id.* at 2.) It is "an unincorporated association with its principal place of business located in New York, New York." (*Id.* at 1.) Royalty Exchange "is an online marketplace and catalog administration platform that facilitates the sale of specified royalty streams and enters into contractual royalty purchase agreements with creators." (*Id.* at 2.) It is organized under the laws of Delaware and has its principal place of business in Colorado. (*Id.* at 1.)

"This dispute arises from errors in musical work registration, a bank-returned electronic transfer that ASCAP improperly recorded as a debt, false financial statements communicated between the Defendants, [and] the unauthorized diversion of international writer share royalties." (*Id.* at 1.)

Plaintiff alleges that he is the creator of a musical work called *Holy Smokes*. "A dispute arose due to ASCAP's negligent metadata administration, which incorrectly merged and associated Plaintiff's profile with an alternate version of the work rather than his distinct acoustic arrangement." (*Id.* at 2.) On July 8, 2022, ASCAP attempted to issue a royalty payment via direct

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

deposit to Plaintiff's bank, but for unspecified reasons, the bank rejected and returned the electronic transfer to ASCAP. Five days later, Plaintiff requested that ASCAP attempt to transmit the payment again, but ASCAP refused. Instead, ASCAP's accounting department "recorded a negative domestic writer debit of -$11,208.79." (*Id.*) ASCAP later affirmed to Royalty Exchange that the negative balance was accurate. (*Id.* at 3.)

Plaintiff alleges:

> ASCAP made this false statement despite possessing written internal confirmation that the bank had returned the funds. This misrepresentation severely compromised Plaintiff's commercial reputation and creditworthiness with his catalog administration partner. Relying directly on ASCAP's inaccurate disclosure, Royalty Exchange immediately halted Plaintiff's active catalog auctions and blocked his capability to secure necessary secondary financial advances.

(*Id.*)

Plaintiff also alleges that he is the primary creator for a musical work called *U Digg*. On May 1, 2026, Plaintiff initiated a dispute with ASCAP regarding his royalties for this work. On May 19, 2026, Royalty Exchange's counsel falsely communicated to ASCAP that Plaintiff had assigned his royalties for *U Digg* to Royalty Exchange. Plaintiff states:

> Plaintiff was forced to submit to these unconscionable assignment terms under extreme economic duress because Royalty Exchange held separate, undisputed catalog funds in their possession, refusing to release them unless Plaintiff signed a restrictive communication framework and behavioral release surrendering his right to call ASCAP's support lines by telephone.

(*Id.*) As a result of Plaintiff's earnings allegedly being withheld or diverted, Plaintiff was exposed to a higher level of tax liability than his accurate earnings would have had.

Since that time, ASCAP has withheld all additional royalties from Plaintiff. In July 2026, ASCAP suspended Plaintiff's account and "intercepted 100% of his incoming quarterly performance royalties across all active works." (*Id.* at 4.)

## DISCUSSION

### A. Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

#### 1. Diversity Jurisdiction

In the complaint, Plaintiff invokes the court's diversity jurisdiction, but he does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

First, Plaintiff, a citizen of Georgia, fails to allege facts showing that the parties have completely diverse citizenships. He alleges that Royalty Exchange, Inc. is a citizen of both Delaware (by virtue of it being incorporated there) and Colorado (by virtue of that being its principal place of business). *See* 28 U.S.C. § 1332(c)(1) (a corporation is both citizen of the state where it is incorporated and the state where it has its principal place of business). He also alleges, however, that ASCAP, which is an "unincorporated association" based in New York, is a New York citizen. (ECF No. 1, at 1.) While it may be true that ASCAP is a citizen of New York, "ASCAP, as an unincorporated membership association, is [also] a citizen of every state in which its members reside[.]" *Scroggins v. Scroggins*, No. 15-CV-9524 (PAE), 2017 WL 1047356, at *7 (S.D.N.Y. Mar. 16, 2017). Thus, in order to effectively plead that the parties have completely diverse citizenship, Plaintiff must allege facts showing that ASCAP has no members in Georgia, where Plaintiff is a citizen. Because Plaintiff did not do so, he fails to satisfy his burden of showing that he and ASCAP have diverse citizenship. On this basis alone, the Court lacks subject matter jurisdiction over Plaintiff's claims.

Second, Plaintiff fails to allege facts showing that the amount in controversy in this action exceeds $75,000.00, the jurisdictional threshold. *See* 28 U.S.C. § 1332(a). In general, the sum claimed by a plaintiff will control if the claim of value is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet his burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019); *Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that

"the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)).

In the complaint, Plaintiff asserts—without elaboration—that "[t]he amount in controversy exceeds the sum of $75,000." (ECF No. 1, at 1.) He nevertheless fails to allege facts from which the Court can infer that the damages available to him in this breach-of-contract action exceed the jurisdictional threshold. That is, while he states in a conclusory manner that the amount in controversy exceeds $75,000, he fails to allege facts showing that, based on his allegations, he can recover in excess of the jurisdictional threshold.

The Court therefore lacks diversity jurisdiction over Plaintiff's claims.

### 2. Federal Question Jurisdiction

Plaintiff's claims also cannot be supported by the Court's federal question jurisdiction. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). In this action, Plaintiff does not invoke the Court's federal question jurisdiction, and more importantly, the facts alleged in the complaint do not show that any of Plaintiff's rights secured by federal law have been violated.

The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B. Leave to Amend Granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to plead additional facts that would establish diversity of citizenship or drop any non-diverse defendant who is not indispensable[2], and because he may be able to set forth facts from which the Court can infer that the amount in controversy has been satisfied, the Court grants Plaintiff 30 days' leave to amend his complaint to replead his allegations of subject matter jurisdiction.

---

[2] Rule 19(b) of the Federal Rules of Civil Procedure identifies four factors to consider in determining if a party is indispensable:

> (1) The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other relief; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

Plaintiff's amended complaint will completely replace, not supplement, the original complaint. Any facts or claims that Plaintiff wants to include from the original complaint must therefore be repeated in the amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**C. Motion to participate in electronic case filing**

The Court grants Plaintiff's motion for permission to file documents electronically (ECF No. 5). The ECF Rules & Instructions are available online at https://nysd.uscourts.gov/rules/ecf-related-instructions.

Following Plaintiff's registering to file documents electronically, he no longer will receive service of documents by postal mail, whether or not he previously consented to accept electronic service. All documents filed by the court, or any other party, shall be served on Plaintiff by electronic notice to Plaintiff's designated email address. *See* Fed. R. Civ. P. 5(B)(2)(E).

Should Plaintiff have any questions regarding electronic filing, he may call the ECF Help Desk at (212) 805-0800.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. An amended complaint form is attached to this order.

The Court grants Plaintiff's motion for permission to participate in electronic case filing. The Clerk of Court is directed to terminate the motion pending at ECF No. 5.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 2, 2026
New York, New York

Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

______________________________________________

______________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

# AMENDED

# COMPLAINT

Do you want a jury trial?

☐ Yes ☐ No

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ________________________________________, is a citizen of the State of
(Plaintiff's name)

________________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

____________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________________________

First Name Last Name

______________________________________________

Current Job Title (or other identifying information)

______________________________________________

Current Work Address (or other address where defendant may be served)

______________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________________________

Date(s) of occurrence: ______________________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated | Plaintiff's Signature

First Name | Middle Initial | Last Name

Street Address

County, City | State | Zip Code

Telephone Number | Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.